WILLIAM G. MASSEY, administrator. *vs*, MANILLA GLEAVES & others.

April Term, 1873

CLERK AND MASTER, MONEY IN HANDS OF AT HIS DEATH.—Moneys in the hands of a clerk and master of the Chancery Court at his death, held by him *virtute officii*, or by order of the court, as Receiver, Commissioner, Trustee, or in any other fiduciary capacity, are not assets of his estate, in the ordinary sense, for the payment of debts and for distribution, but belong to the court and are subject to its orders.

SAME.—It seems, that it was the duty of the successor in office to demand said moneys, and of the personal representative to pay the same to him.

SAME, DUTY OF COURT.—And the court will, upon the application of the personal representative, order the money to be so paid, and fully protect the personal representative.

UNCLAIMED FUNDS IN HANDS OF CLERK AND MASTER.—The disposition of unclaimed funds in the hands of clerks is provided for by the Code, §§ 521 to 524, not by § 2282, nor by the act of 1860, 71, 3.

*Jno. Reid*, for complainant.

THE CHANCELLOR :—The complainant has filed his petition in this cause for instructions as to the proper disposition of certain funds in his hands, and to be relieved from further liability touching the same. The facts in regard to the funds in question are as follows :

The complainant is the administrator of the estate of John E. Gleaves deceased, having qualified as such in October or November, 1865. John E. Gleaves at the time of his death, in September, 1865, and for several years previous, was the clerk and master of this court, and as such had received and paid out large sums of money belonging to suitors, and other parties, such as sheriff, witnesses, etc. Not long after his

appointment as administrator, the complainant filed this bill for the purpose, among other things, of ascertaining the amounts due from him, and the persons to whom the same were going, in order to pay the money into court and have the same properly distributed. In this cause a commissioner was appointed by the court to take necessary accounts, who examined the records of the court and papers in the master's office and made a report then supposed by complainant to be correct save a few items as to which he filed exceptions. Afterwards complainant paid into court, at different times, money to a large amount, intending at all times to have money enough in court to meet all just demands according to the report of said commissioner, and he believes the clerk and master did have money sufficient at all times to meet such demands. All the money thus paid in not having been called for, the then Chancellor, my immediate predecessor, ordered the remainder to be paid back to complainant but to be held by him subject to the future orders of the court. The complainant now desires to pay all the money for which his intestate was bound whenever he can rightfully do so, and by his petition asks the instructions and protection of the court as to the mode of payment. He appends to his petition a schedule of the amounts of money held by him, and which he desires to pay, giving the names of cases, and amounts as near as may be. He suggests that he has been the administrator of Gleaves for more than seven years, and that it may be that he is required by the Code, § 2282, to pay these unclaimed assets into the treasury of the state. He is unwilling to do anything in the premises without the approval and order of the court.

The moneys in the hands of the complainant's intestate as clerk and master of this court, or as receiver, or commissioner, or trustee, or in any other fiduciary capacity, by order of the court or by law, at the time of his death, were not assets of his estate, in the ordinary sense of the word, for the payment of debts and distribution, but belonged to the court, and were subject to its order. Such

funds would be money "belonging or appertaining" to the office of clerk and master which it was the duty of the administrator to pay, or to apply for leave to pay, to the successor in office, and which it was the duty of the latter, at any rate so far as the same was held officially, to demand under § 805 of the Code. The suitors, and other persons entitled to these funds, were entitled to demand of the successor at his office, all money "belonging or appertaining" to the office of clerk and master, who could only protect himself by showing that he had promptly taken the necessary steps to demand and receive the funds, and was in no default in regard to them. If lost by the neglect of such successor to demand and receive the same, the latter would probably be responsible to the parties injured. Whether he would be responsible in like manner for funds held by his predecessor as receiver, or in some other special character, might be more doubtful. Be this as it may, the money belonged to the court, and should be paid into court, or held, as was done in this case, subject to its order. The petitioner is entitled to the instruction of the court as to the disposition of the fund in his hands, and to the protection of the court by positive orders for its disposition.

By the Code, § 2282, it is provided : "After the lapse of seven years from the grant of administration, if any part of the estate remain unclaimed by the kin of the deceased or by the creditors, it shall be paid by the administrator into the state treasury, and remain subject to the claims of next of kin, and of creditors without limitation of time." This section is repealed by 1860, ch. 71, sec. 3, so far as it directs the estate remaining unclaimed to be paid into the state treasury, wherever there are any next of kin known, or shown to be such. It only continues in force where there are no next of kin at all. See T. & S. Rev. §§ 2283 *a*, 2283 *b*, 2283 *c*. Whether these provisions would have any application to funds due from the estate of a deceased clerk and master who had failed to account for them, and where the estate was protected by the statute of limitations from any

claim, either by the successor in office or the parties entitled to the funds, it is unnecessary to inquire. The funds now under consideration have been, and are still held subject to the orders of the court, and neither Gleaves in his life-time, nor his administrator since his death, has held the funds otherwise than strictly according to duty and law. It is clear, therefore, that in the present instance, § 2282 of the Code can have no application, and the funds cannot be disposed of in accordance with its provisions.

The petioner, having done his duty fairly and fully, both to the estate of his intestate and to the persons having a right to the funds in question, is entitled after the lapse of seven years to be discharged from any further responsibility or duty in regard thereto. I am satisfied that the court can and should protect him by its orders from all further liability or trouble. It is the official duty of the present clerk and master to receive and disburse the funds in question, so far as such funds were held by Gleaves in his official capacity, and, as to all the other funds, the clerk and master can be empowered, by order of this court, to receive and disburse the same. An order may be drawn up in accordance with these conclusions, expressly authorizing the petitioner to pay over the funds in his hands to the present clerk and master, and releasing him from all further responsibility touching the same. The schedule to the petition will be spread on the minutes of the court so as to show the style of the cases, and the names of the parties entitled as near as may be.

It seems that these funds have remained for several years unclaimed. Under these circumstances I think it proper to direct the clerk and master to publish in one of the newspapers at Nashville, the schedule appended to the petition, headed by a short notice calling attention to the fact that the funds in the causes named have been on hand for several years, without being claimed, that the clerk and master is ready to pay them to the parties upon prompt application, and that if not applied for within six months, they will be disposed of according to law.

The law regulating the disposition of such funds will be found in the Code, §§ 521–524. By reference to these sections it will be seen that it is the duty of the county judge, or chairman of the county court "to ascertain what amount of money is in their hands (the hands of the clerks of the county, circuit, chancery and supreme courts) due to witnesses, officers, *and others*, which may have been collected by them from suitors or from the state or county treasury, and which has been in the hands of the clerk for more than two years, and such sums of money shall be paid into the county treasury as other county revenue." The law further provides that a list of the persons to whom the money is due, and the amount due shall be made out and spread in full in a record book kept for the purpose by the clerk of the county court, and the money may be paid out to the party entitled, upon application, by warrant on the county treasury as in other cases.

These provisions of the Code were considered by the supreme court in the case of *Deaderick* v. *County Court of Washington County*, 1 Cold. 202, and were held to be based upon the familiar principle of the doctrine of escheat, and in every way unexceptionable. They lay down the rule for guidance in all cases where funds remain unclaimed in the hands of the clerks of the several courts of this state more than two years after they are due to the parties entitled. They, of course, apply to the funds now in question. But until the funds are paid into the county treasury, this court may make any order touching them which it may deem for the interest of the claimants. Under this conviction, I have directed publication as above, to be made for three weeks as follows: One week in a daily paper, one week in a tri-weekly, and one week in a weekly paper. The costs will be charged pro rata upon the entire funds paid in.

NOTE.—The funds in question have, in virtue of the order thus made, been paid to the parties entitled.